UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THEODORE CEDRICK BRISCOE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03867-TWP-DLP |
| | ) | |
| INDIANAPOLIS METRO. POLICE DEPT., | ) | |
| MARION COUNTY PUBLIC DEFENDER | ) | |
| AGENCY, | ) | |
| ATTORNEY GENERAL'S OFFICE, | ) | |
| D.O.C. I.Y.C., | ) | |
| ARNOLD P. BARATZ Attorney At Law, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY DISMISSING COMPLAINT AND
DIRECTING PLAINTIFF TO SHOW CAUSE**

**I.    Screening of the Complaint**

Plaintiff Theodore Cedrick Briscoe, Jr. is a prisoner currently incarcerated at the Plainfield Correctional Facility. He brings this civil rights action under 42 U.S.C. § 1983. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face. A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal,* 851 F.3d at 720.

A. *Allegations*

The caption of the complaint names the following defendants: 1) Indianapolis Metro. Police Dept. (IMPD); 2) Marion County Public Defender Agency; 3) Attorney General's Office; 4) D.O.C. I.Y.C.; and 5) Arnold P. Baratz, attorney at law. Additional individuals are accused of wrongdoing in the body of the complaint as well. Mr. Briscoe seeks compensatory damages and injunctive relief.

Mr. Briscoe alleges that he was falsely arrested on February 1, 2016. Charges were filed and he eventually proceeded to trial. He contends that Officers Craig Solomon and Mathew Minnis committed perjury on August 17, 2017, when they testified that they found a gun on him. Mr. Briscoe also alleges that when a juror asked about cameras in the officers' squad cars, the officers lied, claiming neither of them had cameras in their cars. He asserts that this obstructed justice because the camera would have shown another suspect fleeing the vehicle Mr. Briscoe was in. He alleges that the state prosecutor, Kimberly Sexton, cooperated with the IMPD and his attorney, Arnold Baratz, in committing fraud. He asserts that the prosecutor should have dismissed the charges again him. In addition, the prosecutor and defense counsel excluded all people of color from his trial in violation of his Sixth Amendment right to an impartial jury.

The Court takes judicial notice from the Department of Correction website that Mr. Briscoe was convicted of being a felon with a handgun and resisting law enforcement in September 2017.

The Court also takes judicial notice that a jury trial was conducted on August 17, 2017, in that criminal proceeding in Marion Superior Court, No. 49G21-1602-F5-004552.

B.  *Discussion*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal quotation omitted).

Although Officers Solomon and Minnis are not listed as defendants in the caption of the complaint, the Court liberally construes the officers as intended defendants. Mr. Briscoe's claims against these officers are that they falsely arrested him and lied under oath during the trial in his criminal case. "Probable cause is an absolute defense to claims of wrongful or false arrest under the Fourth Amendment in section 1983 suits." *Ewell v. Toney,* 853 F.3d 911, 919 (7th Cir. 2017). "In other words, if an officer has probable cause to arrest a suspect, the arrest was not false." *Id*. Here, the criminal docket reflects that the court found probable cause on February 4, 2016. Thereafter, Mr. Briscoe was found guilty of the charges brought against him. Therefore, any claim of false arrest fails as a matter of law and is **dismissed for failure to state a claim upon which relief can be granted.**

To the extent Mr. Briscoe has named the IMPD as a defendant, this claim must be **dismissed for failure to state a claim upon which relief can be granted** because the IMPD is not a suable entity. *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011) ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued.").

Any constitutional claim brought against prosecutor Kimberly Sexton is barred because she has absolute immunity from suit. The United States Supreme Court, in *Imbler v. Pachtman,*

424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under § 1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 427; *see also Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) ("A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties."). Any claim asserted against Ms. Sexton is **dismissed for failure to state a claim upon which relief can be granted**.

Mr. Briscoe does not allege any constitutional violation on the part of the Marion County Public Defender Agency. His claim against his prior attorney, Arnold P. Baratz, also fails. If Mr. Baratz acted as a private attorney, he is not a state actor. *See Redwood v. Dobson,* 476 F.3d 462, 466 (7th Cir. 2007). Even if Mr. Baratz was a court-appointed public defender, he is not a state actor, and thus cannot be sued under 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Therefore, any claim against Arnold P. Baratz is **dismissed for failure to state a claim upon which relief can be granted**.

Defendant "D.O.C.I.Y.C." is construed to mean either the Indiana Department of Correction (IDOC) or the prison, Plainfield Correctional Facility, formerly known as the Indiana Youth Center or IYC. The IDOC, a state agency, is not a "person" who may be sued under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 (1989); *Owens v. Evans,* 878 F.3d 559, 562 (7th Cir. 2017) ("IDOC is not a person suable under § 1983"). Similarly, Mr. Briscoe alleges no wrongdoing on the part of the prison and as a building, it is not a suable "person" under § 1983. *See Hamilton v. Miller,* 18-cv-47-PP, 2018 WL 4215610 (E.D. Wis. Aug. 31, 2018) ("[P]risons…are not suable entities because they are not persons capable of accepting service of

plaintiff's complaints or responding to them."). For these reasons, any claim against D.O.C.I.Y.C. is **dismissed for failure to state a claim upon which relief can be granted**.

Finally, Mr. Briscoe's overall purpose in filing the complaint appears to be an attempt to challenge his criminal conviction.

> "In *Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held (so far as relates to this case) that a person who has been convicted of a crime cannot seek damages or other relief under federal law (as in a suit under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)) for violation of his rights by officers who participated in the investigation or prosecution of the criminal charge, if 'a judgment in favor of the plaintiff [in the civil suit] would necessarily imply the invalidity of his conviction or sentence.'"

*Hill v. Murphy*, 785 F.3d 242, 244 (7th Cir. 2015) (quoting *Heck,* 512 U.S. at 487). "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486–87. Mr. Briscoe has not shown that his conviction has been reversed. Therefore, any claim for damages that would necessarily invalidate his conviction if it were successful, is barred.

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). That is the case here. For the above reasons, the complaint fails to state a claim upon which relief can be granted as a matter of law and is therefore **dismissed pursuant to 28 U.S.C. § 1915A**.

## II. Report Change of Address

The *pro se* plaintiff shall report any change of address within ten (10) days of any change. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

## III. Show Cause

Mr. Briscoe's complaint must be dismissed for the reasons set forth above. However, he shall have **through April 15, 2019,** in which to either show cause why Judgment consistent with this Entry should not issue or he may file an amended complaint which cures the deficiencies discussed in this Entry. Any amended complaint would completely replace the original complaint and therefore must be complete. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Mr. Briscoe fails to respond to this order to show cause, the case will be dismissed in accordance with 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted without further notice.

**IT IS SO ORDERED.**

Date: 3/15/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

THEODORE CEDRICK BRISCOE, JR.
980988
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168